**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                           )
AMERICAN OVERSIGHT,                        )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        Civil Action No. 20-3282 (RDM)
                                           )
U.S. DEPARTMENT OF HEALTH AND              )
HUMAN SERVICES, U.S. FOOD AND DRUG         )
ADMINISTRATION, CENTERS FOR DISEASE        )
CONTROL AND PREVENTION, and                )
CENTERS FOR MEDICARE AND MEDICAID          )
SERVICES,                                  )
                                           )
        Defendants.                        )
_____)

**JOINT STATUS REPORT**

Pursuant to the Court's February 26, 2021 Minute Order, Plaintiff American Oversight

and Defendants U.S. Department of Health and Human Services ("HHS"), U.S. Food and Drug

Administration ("FDA"), Centers for Disease Control and Prevention ("CDC"), and Centers for

Medicare and Medicaid Services ("CMS"), by and through their undersigned counsel, have

conferred and respectfully submit the following joint status report.

This case involves five Freedom of Information Act ("FOIA") requests submitted by

Plaintiff to Defendants. Each request seeks "[a]ll text messages (or messages on similar

applications such as Signal or WhatsApp) . . . regarding the novel coronavirus outbreak or the

government responses to the outbreak" that were "sent or received by" certain high-ranking

officials in HHS, FDA, CDC, or CMS. ECF No. 10-2 at 7; ECF No. 10-5 at 2; ECF No. 12-1 at

2, 8, 14–15. Plaintiff filed this action under FOIA, 5 U.S.C. § 552, on November 13, 2020. _See_

ECF No. 1. Plaintiff amended its complaint on February 8, 2021. _See_ ECF No. 10.

1

Defendants' initial searches for records potentially responsive to Plaintiff's FOIA requests are either ongoing or complete. As briefly outlined below, Defendants' efforts have included: collecting and analyzing data; reviewing potentially responsive records; determining appropriate and feasible search methods; endeavoring to ascertain the total volume of potentially responsive records; projecting and attempting to project schedules for processing and producing all responsive, non-exempt records to Plaintiff; or otherwise evaluating Plaintiff's requests.

FDA: Request Number 2020-6423

FDA reports that it has completed its initial search for records potentially responsive to this request. The agency has begun reviewing these records and expects to make an initial production of responsive, non-exempt records to Plaintiff by June 15, 2021. FDA will project a production date for any additional responsive, non-exempt records when sufficient information is available to make a reasonable estimation.

HHS: Request Numbers 2020-01746-FOIA-OS and 2021-00374-FOIA-OS

HHS reports that it is presently searching for records potentially responsive to these requests. The agency has collected certain potentially responsive records, but has yet to begin its review of these records. HHS is also evaluating appropriate and feasible methods to search for additional responsive records, but is unable at this time to determine when it will complete its searches.

Plaintiff has requested additional information from the agency regarding its search efforts.

CMS: Request Number 090120207015

CMS reports that it is presently searching for records potentially responsive to this request. The agency has collected certain potentially responsive records, but has yet to begin its review of these records. CMS is also evaluating appropriate and feasible methods to search for

additional responsive records, but is unable at this time to determine when it will complete its search.

Plaintiff has requested additional information from the agency regarding its search efforts.

CDC: Request Number 2020-02283-FOIA

CDC has searched for records potentially responsive to this request, but has not located any responsive records.

Plaintiff has requested additional information from the agency regarding its search efforts.

**Plaintiff's Statement Regarding the Status of HHS and CMS's Searches**

Plaintiff has requested records that it believes are at a heightened risk of loss or destruction: text messages (or messages on similar applications such as Signal or WhatsApp) sent or received by certain high-ranking officials, many of whom had limited remaining tenures with the Defendant agencies at the time the requests and this lawsuit were filed. For this reason, Plaintiff issued preservation letters to the Defendant agencies raising this concern and asking that they take prompt action to preserve and recover any and all responsive records. *See* ECF No. 10 ¶¶ 20, 26, 31; *see also* ECF Nos. 10-1, 10-4, 10-5. To date, Plaintiff has yet to receive adequate assurances that such action has been taken and, rather, updates from Defendants CMS and HHS specifically cast doubt on the agencies efforts to preserve and, if necessary, recover responsive records that had been in their possession at the time Plaintiff's requests were filed.

First, on February 26, 2021, Defendant CMS notified Plaintiff that Administrator Verma reported that she had lost her government-issued device in January 2021, prior to her departure

from the agency, which occurred on January 20, 2021.[1] Since this date, Plaintiff has requested

additional information regarding the steps Defendant CMS has taken to secure access to the

contents of Administrator Verma's lost cell phone, including whether the government had

contacted the device's service provider to access its contents. On March 23, 2021, when CMS

still had not provided any substantive response to Plaintiff's inquiries, Plaintiff sent a letter to the

Secretary of Health and Human Services and the Acting Administrator of CMS, among others,

alerting them to the circumstances and requesting that immediate action be taken to preserve or

recover all federal records, including any text messages (or messages on similar applications,

such as Signal or WhatsApp) regarding agency business, that were accessible from this device.

*See* Pl.'s Ex. A. To date, Plaintiff has not received any confirmation that CMS has taken any

action to recover these records.[2]

Second, on March 19, 2021, Defendant CMS notified Plaintiff that it had not issued a

government device to another custodian, Mr. Brad Smith. Plaintiff has repeatedly inquired as to

what steps, if any, the agency has taken or is taking to identify and recover any potentially

---

[1] Ltr. from Ctrs. For Medicare & Medicaid Servs. Administrator Seema Verma to President
Trump (Jan. 14, 2021), https://twitter.com/SeemaCMS/status/1350143114644697090/photo/1.
Notably, on January 13, 2021, opposing counsel had told Plaintiff that "proper steps" had been
taken to direct the individuals identified in Plaintiff's FOIA requests to preserve potentially
responsive records prior to January 2021.This suggests that Administrator Verma's phone was
lost sometime after January 13, 2021, or, at least, sometime after she had been informed that its
contents were subject to a preservation order.

[2] CMS has stated that it did not identify any responsive records of Administrator Verma in
agency recordkeeping systems. However, this is unsurprising and does not necessarily mean that
responsive records do not exist elsewhere. At the start of this matter, Defendants, including
CMS, had asserted that they would need to physically access the listed custodian's devices to
search for potentially responsive records and that they would not be able to do that until the
officials departed from their respective agencies. This strongly suggests that systems were not in
place to sync the devices to agency record keeping systems in real-time or near real-time.

responsive records Mr. Smith may have sent or received on his personal device(s).[3] To date,
Plaintiff has not received any confirmation that CMS has taken any action to determine whether
responsive records exist on Mr. Smith's personal device(s) and, if necessary, recover such
records.[4]

Third, on April 7, 2021, Defendant HHS notified Plaintiff that it had obtained the
government-issued devices of three listed custodians—Mr. Harrison, Mr. Caputo, and
Adm. Giroir—but that each had returned their respective device without "retrievable user data
(e.g., text or other similar electronic messages)." Plaintiff has requested more information
regarding the import of this, including whether it implies that information may have been
potentially deleted or removed from the devices or whether it was inaccessible for some reason.
Plaintiff is skeptical, however, that no responsive records ever existed, having presented

---

[3] Whether sent on a personal or government-issued device, text messages of Mr. Smith regarding
official business are "agency records" for purposes of FOIA. That Mr. Smith is no longer an
agency official does not change this analysis. To constitute an "agency record" for purposes of
FOIA, an agency, first, must "either create or obtain" a requested record, and, second, "must be
in control of the requested materials at the time the FOIA request is made." *DOJ v. Tax Analysts*,
492 U.S. 136, 144-45 (1989). There can be no doubt that text messages sent by an agency
official are "created" by the agency (and the obvious corollary, that text messages received by
that official are "obtained" by the agency). And so long as those text messages relate to agency
business, they plainly came into the agency's possession "in the legitimate conduct of its official
duties," as required to demonstrate that the agency is in control of the material. *Id.* Furthermore,
American Oversight submitted its request to CMS on September 1, 2020, ECF No. 10 at ¶ 10,
when Mr. Smith was still in the agency's employ, *see, e.g.*, Paige Minemyer, *CMMI's Smith:
Agency Aiming for Tweaks to Make Its Models Produce Greater Savings*, Fierce Healthcare (Oct.
15, 2020, 2:43pm), https://www.fiercehealthcare.com/payer/cmmi-s-brad-smith-agency-aiming-for-tweaks-to-make-its-models-produce-greater-savings (describing Mr. Smith as director of the
Center for Medicare and Medicaid Innovation in October 2020).

[4] As with Administrator Verma, CMS has stated that it did not identify any responsive records of
Mr. Smith's in agency recordkeeping systems. For the same reasons stated above, Plaintiff does
not believe this means responsive records do not exist elsewherebecause it appears that systems
were not in place to sync records maintained on officials' devices (government-issued or
otherwise).

evidence in its Amended Complaint that Adm. Giroir encouraged other executive branch officials working on the coronavirus response to contact him by text message. *See* ECF No. 10 ¶ 32, *see also* ECF No. 10-5 at 9, 11.[5]

Based on the information currently available to it, Plaintiff is very concerned that potentially responsive records that had been in the possession of Defendants CMS and HHS when Plaintiff filed its FOIA requests have not been preserved. What's more, Plaintiff fears that Defendants CMS and HHS are failing to take meaningful action to recover such records in a timely manner, despite the fact that the agencies' ongoing and continued failure to secure access to these records increases the risk of the permanent loss or destruction of these federal records with each passing day.[6]

To the extent Defendants CMS and HHS do not provide further information to alleviate Plaintiff's concerns in the interim, Plaintiff is prepared to discuss these issues in further detail at the Initial Scheduling Conference on April 19, 2021.

### Defendants' Statement

As noted above, Defendants are presently searching for, collecting, or reviewing records potentially responsive to Plaintiff's FOIA requests. During this process, Defendants have engaged in good-faith conversations with Plaintiff, volunteering information about the progress of their searches, certain locations they have searched, specific categories of records they have

---

[5] HHS also stated that it was still in the process of searching agency recordkeeping systems for potentially responsive records from these custodians, but, for the previously stated reason, Plaintiff has reason to believe systems were not in place to sync records from agency officials' electronic devices to agency recordkeeping systems.

[6] As it previously did with respect to Administrator Verma's records, Plaintiff intends to notify the appropriate parties regarding its more recent concerns that CMS and HHS may have failed to secure federal records of Mr. Smith, Mr. Harrison, Mr. Caputo, and Adm. Giroir.

collected, issues they have confronted, as well as their forthcoming production of responsive,

non-exempt records. And Defendants have done so in the interest of conserving judicial

resources and in the hope of facilitating what Plaintiff ultimately seeks: the timely production of

the records they requested.

The concerns that Plaintiff raises above are not appropriately addressed at this early stage

of litigation. Plaintiff primarily focuses its statement to voice concern with the preservation of

potentially responsive records. But as Plaintiff acknowledges, for those officials identified in the

FOIA requests at issue in its original complaint[7] and who were still employed by their respective

agencies in mid-January 2020, Defendants provided specific instructions to these officials to

preserve potentially responsive records in agency recordkeeping systems pursuant to those

officials' obligations under the Federal Records Act. Specifically, these officials were instructed

regarding their obligation under 44 U.S.C. § 2291(a), which requires agency officials to preserve

in agency recordkeeping systems federal records sent or received on a "non-official electronic

messaging account" (*e.g.*, text messages). Additionally, HHS, CMS, and CDC have also

informed their undersigned counsel that the officials named in Plaintiff's FOIA requests were

trained in relevant federal records laws. Accordingly, because there is a presumption that

officials comply with such laws and other legal obligations in discharging their duties, *see*

*Wright v. Admin. for Child. & Fam.*, No. 15-218, 2016 WL 5922293, at *8 (D.D.C. Oct. 11,

2016), Defendants have been diligently working to determine the proper methods of searching

agency recordkeeping systems to locate potentially responsive records and the necessary scope

of those searches, specifically with respect to those officials whose devices may preclude an

---

[7] FDA: Request Number 2020-6423; HHS: Request Number 2020-01746-FOIA-OS; CMS:
Request Number 090120207015.

effective manual search. Plaintiff, on the other hand, provides no evidence that the records it seeks have not been duly preserved.

As reflected in its statement, Plaintiff has requested that Defendants provide it with detailed descriptions of the searches they are currently conducting to monitor their ongoing efforts—including the precise "steps" Defendants are taking to find certain records, the types of searches they have performed or plan to perform, and locations they have considered or rejected as sources of potentially responsive records. But Plaintiffs are not entitled to repeatedly ask for piecemeal updates of the fine details of an agency's ongoing searches. Agencies are to be afforded a degree of discretion to manage their own good-faith searches as they conduct them. Were an agency obligated to provide every interested FOIA requester with granular details of its search processes, as Plaintiff requests, the burden on agencies to respond to FOIA requests would magnify greatly.

And to the extent Plaintiff also seeks to question whether Defendants are conducting adequate searches, as the Court is well aware, the adequacy of an agency's search is litigated at the time of summary judgment, after production is completed, when the agency has the opportunity to explain in reasonable detail the scope of its completed search and the methods it employed. Of course, at the proper juncture, when production is complete, Defendants will also be willing to describe their searches for Plaintiff with reasonable detail in the interest of settling claims or narrowing issues for the Court's review. It is, however, simply premature for Plaintiff to try to litigate whether Defendants are conducting adequate searches at this time, let alone before Defendants have had a chance to assess the results of their initial searches and before Plaintiff has seen the first responsive record.

To be sure, Defendants will continue conferring with Plaintiff in good faith. But although Plaintiff may wish to subject these largely voluntary discussions to simultaneous judicial review,

that is not the scheme that FOIA envisions. With respect to the issues that are appropriate for consideration at this juncture, however, Defendants will continue to work with Plaintiff to propose reasonable timelines for the completion of searches and production of records that will result in Plaintiff obtaining the requested records as soon as practicable. That is all that Plaintiff could be entitled to under FOIA.

Defendants propose that the Court order the parties to file a joint status report on or before May 21, 2021, to provide further information regarding the status of Plaintiff's FOIA requests.

Dated: April 9, 2021                                 Respectfully Submitted,

                                                     /s/ Christine H. Monahan
                                                     Christine H. Monahan
                                                     D.C. Bar No. 1035590

                                                     AMERICAN OVERSIGHT
                                                     1030 15th Street NW, B255
                                                     Washington, DC 20005
                                                     (202) 869-5244
                                                     christine.monahan@americanoversight.org

                                                     *Counsel for Plaintiff*


                                                     BRIAN M. BOYNTON
                                                     Acting Assistant Attorney General
                                                     Civil Division

                                                     ELIZABETH J. SHAPIRO
                                                     Deputy Branch Director
                                                     Federal Programs Branch

                                                     /s/ Jody D. Lowenstein
                                                     JODY D. LOWENSTEIN
                                                     Mont. Bar No. 55816869
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     1100 L Street NW
                                                     Washington, D.C. 20005

Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Counsel for Defendants*