# PLAINTIFF'S EXHIBIT A



March 23, 2021

**VIA U.S. MAIL / EMAIL**

Xavier Becerra
Secretary of Health and Human Services
U.S. Department of Health & Human Services
200 Independence Avenue SW
Washington, DC 20201

Elizabeth Richter
Acting Administrator
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244
elizabeth.richter@cms.hhs.gov

Hugh Gilmore
Freedom of Information Officer
Centers for Medicare & Medicaid Services
North Building, Room N2-20-06
7500 Security Boulevard
Baltimore, MD 21244
Hugh.Gilmore@cms.hhs.gov

Dear Secretary Becerra, Acting Administrator Richter, and Freedom of Information Officer Gilmore:

Through ongoing litigation brought pursuant to the Freedom of Information Act (FOIA), American Oversight has learned that former Centers for Medicare & Medicaid Services (CMS) Administrator Seema Verma purportedly lost her government-issued mobile phone in January 2021, prior to her departure from the agency. American Oversight hereby requests that you take immediate action to preserve or recover all federal records, including any text messages (or messages on similar applications, such as Signal or WhatsApp) regarding agency business, that were accessible from this device.

**Background**

On September 1, 2020, American Oversight submitted a FOIA request to CMS seeking all text messages or messages on similar applications sent or received by Administrator Verma, among other specified CMS officials, regarding the novel coronavirus outbreak or the government responses to the outbreak.[1] On November 12, 2020, American Oversight sent a letter to CMS

---

[1] A copy of this request is available online at
https://www.americanoversight.org/document/foia-to-cms-seeking-text-messages-of-
leadership-related-to-coronavirus.



asking that the agency take immediate action to preserve and recover any and all responsive records from these officials' electronic devices, including any personal devices, highlighting the fact that these officials had limited continued tenure at the agency.[2] American Oversight further notified the agency that it intended to pursue all legal avenues to enforce its right to access the requested records, including through litigation, and advised that the agency place a preservation hold on relevant records. On November 13, 2020, American Oversight filed suit to enforce this request and similar requests to other components of the U.S. Department of Health and Human Services (HHS). *See* Compl., *Am. Oversight v. U.S. Dep't of Health & Human Servs.*, Case No. 1:20-cv-03282, ECF No. 1 (D.D.C. Nov. 13, 2020).

On January 6, 2021, American Oversight contacted counsel for defendants in this matter to ask that the agencies provide assurances that all necessary steps were being taken to preserve any potentially responsive records in the possession of departing agency officials, including on both government-issued and personal devices. On January 13, 2021, counsel assured American Oversight that proper steps had been taken to direct the individuals identified in the relevant FOIA requests to preserve potentially responsive records prior to January 20, 2021. On January 19, 2021, counsel elaborated that the agencies planned to wait until the officials departed from their agency roles before gaining access to their government-issued devices. On February 26, 2021, counsel updated American Oversight that former Administrator Verma had lost her government-issued device in January 2021. Presumably this loss occurred sometime between January 13, 2021, and January 20, 2021, given the agency's prior representations to American Oversight through counsel.

American Oversight has since requested additional information regarding CMS's efforts to secure access to any potentially responsive records maintained on the lost device, including, specifically, what steps, if any, the agency has taken to recover these records. For example, American Oversight asked whether the agency has contacted the service provider for the device to gain access to its contents. CMS has not provided any information in response to American Oversight's questions.

**<u>Immediate Action is Needed to Preserve or Recover Federal Records</u>**

CMS's failure to confirm that it has secured access to the contents of former Administrator Verma's lost device raises serious concerns about whether records responsive to American Oversight's request, as well as other federal records, have been preserved in the manner required by the Federal Records Act. 44 U.S.C. § 3106.[3] What's more, the agency's ongoing and continued failure to secure access to these records increases the risk, with each passing day,

---

[2] *See* Ex. A.

[3] *See also* 44 U.S.C. § 3101 (requiring preservation of records documenting the "organization, functions, policies, decisions, procedures, and essential transactions of the agency"); 44 U.S.C. § 3301 (defining records as "all information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preservation by that agency . . ."); Nat'l Archives & Records Admin., Bulletin 2015-02, July 29, 2019, https://www.archives.gov/records-mgmt/bulletins/2015/2015-02.html (stating that text messages and similar records are federal records).

of the destruction of any federal records that were otherwise saved only on former Administrator Verma's lost device.

The Federal Records Act requires you to notify the Archivist of "any actual, impending, or threatened" unlawful removal, alteration, or destruction of federal records, and to initiate an action through the Attorney General to recover those records you have reason to believe were unlawfully removed. 44 U.S.C. § 3106(a). American Oversight urges you to take immediate action to preserve or recover all federal records on former Administrator Verma's lost device—including, if necessary, by seeking the records from the relevant service provider(s)—and, if there is any reason to believe that records have been unlawfully removed, to undertake an enforcement action through the Attorney General to ensure that all of the federal records on this device are properly preserved.

Please promptly alert American Oversight when you have taken action to preserve or recover the contents of former Administrator Verma's device. You may contact me at 202.869.5244 or christine.monahan@americanoversight.org.

Sincerely,

Christine H. Monahan
Counsel
American Oversight

CC:

The Honorable David S. Ferriero
Archivist of the United States
National Archives and Records Administration
700 Pennsylvania Avenue NW
Washington, DC 20408
david.ferriero@nara.gov

Cynthia Posey
Director, Division of Records and Information Systems
U.S. Department of Health and Human Services
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244
Cynthia.Posey@cms.hhs.gov

# EXHIBIT A



November 12, 2020

**VIA EMAIL**

Brandon Gaylord
Freedom of Information Officer
Department of Health and Human Services
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue SW
Washington, DC 20201
Brandon.Gaylord@hhs.gov

Sarah Kotler
Freedom of Information Officer
Food and Drug Administration
5630 Fishers Lane, Room 1035
Rockville, MD 20857
Sarah.Kotler@fda.hhs.gov

Hugh Gilmore
Freedom of Information Officer
Centers for Medicare & Medicaid Services
North Building, Room N2-20-06
7500 Security Boulevard
Baltimore, MD 21244
Hugh.Gilmore@cms.hhs.gov

**RE: Preservation of Records Responsive to Freedom of Information Act Request**

Dear FOIA Officers:

On September 1, 2020, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.
§ 552(a)(6)(A), and U.S. Department of Health and Human Services (HHS) regulations,
45 C.F.R. Part 5, American Oversight submitted FOIA requests to your offices seeking
all text messages or messages on similar applications (such as Signal or WhatsApp) sent
or received by specified agency officials regarding the novel coronavirus outbreak or the
government responses to the outbreak.[1]

---

[1] The tracking numbers for these requests are as follows: 2020-01746-FOIA-OS (HHS);
2020-6423 (Food and Drug Administration); and 090120207015 (PIN Z5UN) (Centers
for Medicare & Medicaid Services).



In light of the results of the 2020 presidential election,[2] the relevant custodians, including, but not limited to, Secretary Alex Azar, Food and Drug Administration (FDA) Commissioner Stephen Hahn, and Centers for Medicare & Medicaid Services (CMS) Administrator Seema Verma, likely have limited continued tenure at the agency as they are political appointees of the current administration. The spate of post-election dismissals of top agency officials and media speculation that other senior officials may lose their jobs in the near future[3] suggests that some of these officials' tenures may extend only a matter of days or weeks.[4]

Your agencies are legally obligated to preserve high-ranking employees' text messages[5] regarding official business—including the federal government's response to the coronavirus—as federal records under the Federal Records Act (FRA).[6] Text messages of agency officials are also subject to FOIA. To constitute an "agency record" for purposes of FOIA, an agency, first, must "either create or obtain" a requested record, and, second, "must be in control of the requested materials at the time the FOIA request is made."[7] There can be no doubt that text messages sent by an agency official are

---

[2] Stephen Collinson & Maeve Reston, *Biden Defeats Trump in an Election He Made About Character of the Nation and the President*, CNN (Nov. 7, 2020, 9:44 PM), https://www.cnn.com/2020/11/07/politics/joe-biden-wins-us-presidential-election/index.html.

[3] *See, e.g.*, Jemima McEvoy, *Trump's 'Post-Election' Purge: At Least 9 Senior Officials Fired, Quit or Reassigned*, Forbes (Nov. 10, 2020, 2:12 PM), https://www.forbes.com/sites/jemimamcevoy/2020/11/10/trumps-post-election-purge-at-least-7-senior-officials-fired-quit-or-reassigned/?sh=39b7537a7f67; Brett Samuels et al., *Esper Firing Hints at Broader Post-Election Shake-Up*, The Hill (Nov. 9, 2020, 5:40 PM), https://thehill.com/homenews/administration/525202-esper-firing-hints-at-broader-post-election-shakeup.

[4] *See* Laurie McGinley et al., *Trump Rails Against 'Medical Deep State' After Pfizer Vaccine News Comes After Election Day*, Wash. Post (Nov. 11, 2020, 7:08 PM), https://www.washingtonpost.com/politics/2020/11/11/trump-angry-about-pfizer-vaccine/; Alicia Ault, *Trump Could Clean House at Health Agencies*, Medscape, Nov. 10, 2020, https://www.medscape.com/viewarticle/940736.

[5] For purposes of this letter, references to "text messages" include messages on other, similar messaging platforms or applications, such as Signal or WhatsApp.

[6] *See* 44 U.S.C. § 3301 (defining covered records as "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them"); Bulletin 2015-02, Nat'l Archives (July 29, 2015), https://www.archives.gov/records-mgmt/bulletins/2015/2015-02.html ("agencies must capture and manage [text and other electronic messages] in compliance with Federal records management laws, regulations, and policies," and must "ensure electronic messages are . . . available for release or production when needed").

[7] *DOJ v. Tax Analysts*, 492 U.S. 136, 144–45 (1989).

"created" by the agency (and the obvious corollary, that text messages received by that official are "obtained" by the agency). And so long as those text messages relate to agency business, they plainly came into the agency's possession "in the legitimate conduct of its official duties," as required to demonstrate that the agency is in control of the material.[8]

As stated in its FOIA requests for top officials' text messages regarding the coronavirus and response thereto, American Oversight intends to pursue all legal avenues to enforce its rights to access the records it has requested, including through litigation. Your agencies remain on notice that litigation is reasonably foreseeable and should take prompt action to place a preservation hold on relevant records. In light of the special risks presented by the likely imminent departure of officials identified in American Oversight's requests, your agencies should take immediate action to preserve and recover any and all responsive records from these officials' electronic devices (including any personal devices[9]) before their departure.[10]

Please promptly alert American Oversight when you have taken action to preserve or recover responsive records. You may contact Christine H. Monahan at 202.869.5244 or christine.monahan@americanoversight.org.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

Cc:

Jacqlyn Smith-Simpson, Acting
U.S. Department of Health and Human Services
Room 348F.24
200 Independence Ave. SW

---

[8] *Id.*

[9] Records of official business conducted using unofficial systems or stored outside of official files are subject to the FRA and FOIA. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

[10] To the extent officials are currently no longer employed by the federal government and their records were not preserved, the FRA requires the head of your agency to notify the Archivist of "any actual, impending, or threatened" unlawful removal, alteration, or destruction of federal records, and to initiate an action through the Attorney General to recover those records you have reason to believe were unlawfully removed. 44 U.S.C. § 3106(a).

HHS-20-2214; HHS-FDA-20-2217; HHS-CMS-20-2216

Washington, DC 20201
jacqlyn.smith-simpson@hhs.gov

Tiffany Branch
U.S. Department of Health and Human Services
Food and Drug Administration
1350 Piccard Drive, 410M
Rockville, MD 20850
tiffany.branch@fda.hhs.gov

Cynthia Posey
U.S. Department of Health and Human Services
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244
Cynthia.Posey@cms.hhs.gov